```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

ELECTRIC CONTROLS & SYSTEMS,   }
INC.,                          }
                               }
     Plaintiff,                }     CIVIL ACTION NO.
                               }     06-AR-0755-S
v.                             }
                               }
FLORIDA ROCK INDUSTRIES,       }
INC.,                          }
                               }
     Defendant.                }
```

## MEMORANDUM OPINION

The above-entitled action was filed by plaintiff, Electric Controls & Systems, Inc. ("Electric Controls"), in the Circuit Court of Jefferson County, Alabama, and was removed by defendant, Florida Rock Industries, Inc. ("Florida Rock"), to this court. Fictitious party defendants have been ignored.  Electric Controls does not contest Florida Rock's right to remove on diversity grounds, admitting that Electric Controls is a resident of Alabama, Florida Rock is a resident of Florida and the amount in controversy exceeds $75,000.  Electric Controls does, however, contest Florida Rock's contemporaneously filed motion to dismiss or to transfer the case to the United States District Court for the Northern District of Florida, Gainesville Division, on the basis of *forum non conveniens*.

During briefing and oral argument, Florida Rock has not challenged this court's long-arm jurisdiction.  Instead, it argues that the minimum contacts that provide a basis for *in*

*personam* jurisdiction in an Alabama court are not enough to prevent Florida from being a substantially preferable forum.  The contract being sued on contains no forum selection clause and no choice-of-law provision.  Therefore, the factors that suggest the proper forum under 28 U.S.C. §1404(a) must be evaluated.  That statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

As is often the case in *forum non conveniens* controversies, there are facts and circumstances upon which venue in each of the competing forums could be grounded in the court's exercise of the discretion inherent in §1404(a).  Plaintiff is an Alabama resident.  An Alabama court would undoubtedly be a convenient forum for it.  Plaintiff's choice of an Alabama forum also must be given some weight, but it is not the controlling consideration when the burden of proof is upon plaintiff to prove the proper venue.  Defendant is a Florida resident.  No doubt the Northern District of Florida would be the most convenient forum for it.  And, the suit could easily have been brought there.  Equally important is the fact that a substantially larger number of potential witnesses, and of the relatively more important witnesses, are located in Florida.  Furthermore, the work performed and the materials furnished pursuant to the contract took place entirely within Florida.  To use the language in 28

U.S.C. §1391(a)(2), the Northern District of Florida is "the district in which a substantial part of the events or omissions giving rise to the claim occurred". Although §1391(a)(2) does not control in a case removed from a state court, it does inform as to the importance of where the pertinent events occurred. The only connection the performance of this contact had with Alabama was that Electric Controls's Alabama office was the place where Florida Rock's payments were sent. To the extent that the negotiations leading to the execution of the contract may have tangentially involved Alabama, they are irrelevant to the venue question. The convenience of the parties and witnesses strongly militate toward the selection of the Florida forum.

Another factor suggesting Florida as the proper forum is that the law of Florida governs the controversy. Because this court is sitting in diversity, it applies the choice-of-law rules of Alabama, where the court is located. *See Klaxon Co. V. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S. Ct. 1020 (1941). Under Alabama law, the doctrine of *lex loci contractus* requires the court to apply the law of the state where the contract was formed, except in instances in which the contract "is to be wholly performed in some other place". *Lemuel v. Admiral Ins. Co.*, 414 F. Supp. 2d 1037, 1049 (M.D. Ala. 2006) (citing *Ex parte Owen*, 437 So. 2d 476, 481 (Ala. 1983)).

This court agrees with Florida Rock that the undisputed

facts bring this case within the "wholly performed" exception to the *lex loci contractus* doctrine.  All of the work was performed at, and all materials delivered to, Florida Rock's plant in Florida.  As stated, the only act that occurred outside of Florida was Florida Rock's forwarding its contract payments to Electric Controls in Alabama.  The receipt of payment has such a tenuous connection to the state where that payment is received that it cannot constitute a serious answer to Florida Rock's argument that this contract was "wholly performed" in Florida.  In paragraph 4 of its complaint, Electric Controls nails the lid on itself by alleging: **"Plaintiff had a contract with Defendants to furnish labor, equipment, and materials and to perform work and services on the Project."**  (emphasis supplied).  The "Project" was, of course, located entirely in Florida.  Florida was where the contract was performed and where the parties understood that it would be performed.  If the court adopted Electric Controls's theory, a mere post office box in Alaska to which a payment is mailed in accordance with the contract would lead to the conclusion that part of the performance occurred in Alaska.  The location of the home office of Electric Controls in Alabama does not mean that Electric Controls could not and did not "wholly perform" this contract in another state.

     If the court is wrong in believing that this contract was "to be wholly performed" in Florida, the court must decide the

4

place of contract formation.  What constituted the final act that created this contract, and where did it occur?  Electric Controls says by way of legal conclusion that it accepted Florida Rock's offer in Alabama.  It relies exclusively on an affidavit by its employee, Samuel Sousa.  Sousa's affidavit is conclusory and unclear, asserting only that "[t]he documents which constitute the contract between EC&S and Florida Rock Industries, Inc.... were signed and executed by EC&S in Birmingham, Alabama".  Sousa's statement contradicts the detailed account of the bidding process described in the affidavits of Florida Rock's two employees, Jake Sauer and Sean Wilder.  These affidavits show that Florida Rock invited bids from several sources for the project, and that Electric Controls submitted a bid to Florida Rock in Florida.  After some discussion regarding possible additional insurance coverage, Electric Controls's representative e-mailed Florida Rock a revised bid in the event Florida Rock should require additional coverage.  When Florida Rock decided that no additional insurance coverage was required, it accepted Electric Controls's original bid.  There is no record evidence upon which the bid could logically be classified as anything other than an offer by Electric Controls, which, when accepted, formed the contract.[1] The court, therefore, finds that this

---

[1] If Electric Controls had presented evidence that, for example, the original bid lapsed when it was not immediately accepted, the conclusion might be different.  Under such a scenario, Florida Rock's purported "acceptance" of the bid would operate as a counter-offer, which Electric Controls could have

contract was formed in Florida when Florida Rock accepted the bid.  Florida Rock's mailing a document to Electric Controls memorializing the agreement did not switch the place of contract formation.  Florida law controls disputes arising out of the contract, without regard to whether the contract was "wholly performed" in Florida.

Although Count III of the complaint alleges a violation of Ala. Code §8-29-3 (the Prompt Pay Act), this allegation does not materially affect the choice-of-law analysis.  This statute was designed to penalize slow payers to Alabama payees.  It contains no language that purports to affect the choice of the law that governs the contract itself.  None of the exceedingly few Eleventh Circuit cases that cite §8-29-3 have come close to holding that a plaintiff's invocation of the statute locks in Alabama law as the law that controls a suit for non-payment of sums owed on the contract being sued on.  Although this court agrees that Alabama law provides the only basis for a claim brought under §8-29-3, it does not follow that Alabama law governs the breach of contract claim.

A separate order of transfer for *forum non conveniens* will be entered.

---

accepted in Alabama.  It would be equally likely, however, that Electric Controls's representative in Florida accepted that counter-offer without any involvement from the Alabama.  Although these scenarios are both plausible, Electric Controls has not presented the court with any evidence regarding the bidding process, so that its theory of contract formation is pure conjecture.

DONE this 3rd day of August, 2006.

```
                              _____
                              WILLIAM M. ACKER, JR.
                              UNITED STATES DISTRICT JUDGE
```